## Commonwealth v. Gibbons

*Maryann Conway, assistant district attorney,* for the Commonwealth.
*Frank Robert Cori,* for defendant.

RUBRIGHT, *J.,* June 25, 1991—This matter is presently before the court on the defendant's omnibus pretrial motion in which he seeks the suppression of the results of a breath test administered after his arrest. A hearing was held, after which counsel were given an opportunity to submit memoranda setting forth their legal arguments. We have received and reviewed the memoranda and are now prepared to dispose of the matter.

On February 9, 1991, the defendant was stopped after his car was seen weaving on the highway. He exhibited classic signs of intoxication, failed field sobriety tests and was placed under arrest for driving under the influence. He was taken to the state police barracks where a breath test was administered. The results for purposes of this prosecution indicated that the defendant's blood-alcohol content was .129 percent. The defendant argues that the results should be sup-

pressed because the third digit which was displayed on the machine was handwritten on the test record by the officer who administered the test.

The breath test machine which was used is an Intoxilyzer Model 4011 A.S. That model displays a three digit read-out but the printer only prints the first two digits. Trooper Lamanna, who administered the test, testified that it is the practice of the Pennsylvania State Police to handwrite the third digit onto the test record. The defendant argues that this procedure is not in compliance with Department of Transportation regulations.

The regulation cited by the defendant in support of his argument is found at section 77.24(b)(2) of title 67 of the Pennsylvania Code which provides in pertinent part:

"(2) ... The test results will be disregarded, and the breath test device will be removed from service under section 77.25(b)(4) (relating to accuracy inspection tests for Type A equipment) if one of the following occurs:

"(i) If the difference between the results of the two actual alcohol breath tests is .02 or more, for machines read to the second decimal place, or .020 or more for machines read to the third decimal place."

The defendant argues that, since the machine displays a three-digit read-out, the Commonwealth has an obligation to insure that it also prints all three digits. The practice of allowing police officers to handwrite the third digit creates too great a risk of inaccurate transcription or cheating to insure the admissibility of the results.

In support of his cheating argument, the defendant points to the results of the tests administered instantly, which were .029 percent and .040 percent. If the third

digit is disregarded, the results are .02 percent and .04 percent. Under section 77.24(b)(2)(i), quoted above, the results would be inadmissible. However, by handwriting the third digit, the results are transformed to .029 percent and .040 percent, which are admissible under section 77.24(b)(2)(i). According to the defendant, this demonstrates the ease with which a police officer can turn inadmissible evidence into admissible evidence.

We cannot accept the defendant's argument that the practice of handwriting the third digit does not comply with the regulations. We agree that, by inference, the regulations require that the test results be recorded to the third decimal place, if the third decimal place is available. (See 67 Pa. Code §77.24(b) (iii) dealing with accuracy inspection tests.) However, we do not find that infers that the regulations require the machine to print the third digit. The regulations state that the results must be *recorded* to the third decimal place. We believe, and therefore hold, that "recording" includes handwriting the third digit. Although errors in transcription are certainly possible, we refuse to believe that a police officer would "cheat" by writing down a number which would insure the admissibility of the tests results. Defense counsel may choose to argue the officer's credibility to the fact finder if he wishes, but the possibilities do not render the results inadmissible.

The defendant also argues that the handwritten third digit is inadmissible hearsay. Although we agree that it is hearsay, we find that it is admissible under the Uniform Business Records as Evidence Act, 42 Pa.C.S. §6108. Furthermore, Trooper Lamanna, who administered the test and recorded the third digit will be subject to cross-examination by defense counsel.

Accordingly, we enter the following

## ORDER OF COURT

And now, June 25, 1991, at 11:30 a.m., it is hereby ordered that the defendant's omnibus pretrial motion is denied and dismissed.